IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLINTON T. ELDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:03 cv 502 DRH |
| | ) | |
| KATHLEEN HAWK-SAWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to the Magistrate Judge by the Honorable David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Amended Petition for Writ of Habeas Corpus filed by the petitioner, Clinton T. Eldridge, on September 21, 2004 (Doc. 17). For the reasons set forth below, it is **RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus be **DENIED**, that this matter be **DISMISSED WITH PREJUDICE**, and that the court adopt the following finding of fact and conclusions of law:

Findings of Fact

On November 22, 2002, the petitioner, Clinton T. Eldridge, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2255. In his original petition, he challenged the fact and duration of his confinement pursuant to the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. §701, *et seq.*, and appears to argue that a writ should issue because he is not being housed in a handicap accessible cell. In his amended petition, filed on September 21, 2004, Eldridge appears to clarify his contentions. He states that he suffers from Deep Vein Thrombosis and other conditions which necessitate certain medical care that most other inmates do not require. (Amended Petition at ¶¶ 4-5) He further alleges, upon

"information and belief," that the United States Penitentiary at Marion does not have facilities that would accommodate the petitioner's various health problems. (Amended Petition at ¶10) He then states that he has tried to resolve this issue with the jail to no avail and that his continued confinement at USP Marion is actionable through 28 U.S.C. §2241. In his prayer for relief, Eldridge seeks a transfer to another facility where handicap facilities are available.

The respondents have filed responses to the original petition and the amended petition on April 28, 2004 and October 4, 2004, respectively. The defendants argue that the only proper respondent is Warden Randy J. Davis, the current Warden of USP Marion. The respondents further argue that the petitioners claims cannot be brought pursuant to a writ of habeas corpus.

In addition to this habeas case, Eldridge has also filed two other suits related to his claim that he has not been provided adequate facilities. In *Eldridge v. Stepp, et al.,* 3:02 cv 782 GPM, Chief District Judge G. Patrick Murphy dismissed a petition for a writ of habeas corpus on August 5, 2002. In that petition, Eldridge claimed that the USP Marion was violating the ADA and a state court order. Chief Judge Murphy held that such a claim could not be brought pursuant to a habeas petition. Also in this district, Eldridge filed a civil rights action, *Eldridge v. Sawyer, et al.,* 3:03 cv 408 GPM, alleging essentially the same facts as he raises in this petition. In that currently pending civil rights action, against various officers at USP Marion, Eldridge seeks certain relief including injunctive relief mandating that the prison provide a walker and place him in a handicap accessible cell.

Conclusions of Law

The respondents are correct in their argument that the petitioner's contentions cannot be brought pursuant to a petition for a writ of habeas corpus. Eldridge is not challenging the fact or

duration of his confinement, but rather is challenging the method of his confinement.  Challenges to the "fact of his conviction or the duration of his sentence" are within the "core" of the federal habeas statutes; "constitutional claims that merely challenge the conditions of a prisoner's confinement" are rightly brought pursuant to §1983.  Nelson v. Campbell, 541 U.S. 637, ___, 124 S.Ct. 2117, 2122 (2004).

In this case, Eldridge is simply claiming that the failure to provide handicap facilities violates his rights.  He is neither challenging his underlying conviction nor is he seeking a reduction in the amount of time he must serve.  He is not seeking to "get out of custody."  Pischke v. Litscher, 178 F.3d 497, 499-500 (7th Cir. 1999) (citation omitted); See also Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002) (stating that if the prisoner is seeking "a quantum change in the level of custody--whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law." (citations, quotation marks, and ellipses omitted)).  Eldridge probably recognizes this distinction as he has already filed a civil rights lawsuit on this very same issue in this district. For these reasons, Eldridge's petition must be denied.  This conclusion necessarily renders the respondents' remaining arguments moot.

## Conclusion

For the foregoing reasons, it is the **RECOMMENDATION** of this court that the Amended Petition for Writ of Habeas Corpus filed by the petitioner, Clinton T. Eldridge, on September 21, 2004 be **DENIED**, that this matter be **DISMISSED WITH PREJUDICE**, and

that the court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after issuance of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 22, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**