IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLINTON T. ELDRIDGE,

Petitioner,

vs.

RANDY J. DAVIS[1], WARDEN,
USP-MARION,

Respondent.                                    No. 03-CV-00502-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

On September 21, 2004, Petitioner Clinton Eldridge, an inmate presently confined to the United States Penitentiary in Marion, Illinois ("USP-Marion"), filed a First Amended Writ of Habeas Corpus[2], with the assistance of counsel, asserting that his Deep Vein Thrombosis ("DVT") and degenerative back condition require ongoing medical care and special treatment that he has not received at USP-Marion.  (Doc. 17, First Amended Writ of Habeas Corpus).  Specifically, Petitioner complains that the facilities at USP-Marion are inadequate for prisoners, like him, with physical limitations.  He requests relief pursuant to 28 U.S.C. § 2241 after alleged attempts to inform officials at USP-Marion of his desire

---

[1] Randy J. Davis is substituted as respondent for E.A. Stepp pursuant to FEDERAL RULE OF CIVIL PROCEDURE 25(d)(1) following Stepp's retirement as Warden of USP-Marion during the pendency of this action.  (Doc. 15, Response to Petitioner's Writ of Habeas Corpus at p. 3).

[2] Petitioner's original petition for writ of habeas corpus filed in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 2255 claimed that the conditions of confinement at USP-Marion violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Rehabilitation Act, 29 U.S.C. § 701, et seq.

to be transferred to a more appropriate facility, or in the alternative, have accommodations to address his needs failed.  In his prayer for relief Petitioner asks the Court for an "order to show cause as to why Respondent herein should not be required to transfer [Petitioner] to a facility with adequate handicap accessible accommodations." **(Doc. 17, First Amended Writ of Habeas Corpus at p. 3)**.

On March 22, 2005, Magistrate Judge Donald G. Wilkerson submitted a Report and Recommendation ("Report") proposing that the Court deny Petitioner's Amended Petition for Writ of Habeas Corpus and dismiss the matter with prejudice. **(Doc. 20)**.  The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. Petitioner filed timely objections. **(Doc. 24)**.  Since timely objections have been filed, this Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); S.D. ILL. LOCAL R. 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**.  The Court may "accept, reject or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**.  In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. ***Id.***

In his objections, Petitioner argues that the conditions at USP-Marion, coupled with his health problems, have deprived him of his constitutional right to be free from cruel and unusual punishment.  Petitioner concedes that he has filed

other actions in this Court, including another habeas corpus petition that was denied by Chief Judge Murphy, **Eldridge v. Stepp,** **No. 02-CV-782-GPM (Mem. & Order dated Aug. 5, 2002)(Murphy, C.J.)(dismissing § 2241 petition challenging the conditions of confinement at USP-Marion on threshold review)(Doc. 4),** **petition for writ of mandamus denied,** **No. 02-3859 (7th Cir. Dec. 20, 2002)(Doc. 10),** and a pending civil rights action "alleging largely the same causes of action as in this matter," **Eldridge v. Sawyer,** **No. 03-CV-408-GPM (filed June 20, 2003)(Murphy, C.J.).** **(Doc. 24, Pl. Clinton Eldridge's Obj. To Magistrate's Report and Recommendation at p. 2)**. Nonetheless, Petitioner argues that his civil rights action will not bar relief here because in the civil rights action he requests monetary relief (which he describes as "a rather woeful manner to address his future pain and suffering"), and in this case he requests the "relief truly required, that is transfer to another institution." **(Doc. 24, Pl. Clinton Eldridge's Obj. To Magistrate's Report and Recommendation at p. 4)**.

As stated above, Petitioner brings this action under the umbrella of habeas corpus law. **28 U.S.C. § 2241**. Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody. **See Preiser v. Rodriguez, 411 U.S. 475, 484-85 (1973)**. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, the Seventh

Circuit has held that he must use a **§ 1983** or ***Bivens*** theory[3]:

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, . . . then habeas corpus is his remedy.  ***But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative he seeks.***

***Graham v. Broglin,*** **922 F.2d 379, 381 (7th Cir. 1991)(emphasis added)**; ***see also Falcon v. U.S. Bureau of Prisons,*** **52 F.3d 137, 138-39 (7th Cir. 1995)**.

In a recent case the Seventh Circuit affirmed the district court's dismissal of a petition for writ of habeas corpus brought pursuant to **28 U.S.C. § 2241**, which combined a request for transfer to another institution or release with a plea that the prison resume his treatment, because the action was not covered by habeas corpus. ***Glaus v. Anderson,*** **408 F.3d 382, 384 (7th Cir. 2005)**.  Among other things, the Seventh Circuit addressed the petitioner's contention that there was room within the writ of habeas corpus to challenge unconstitutional prison conditions.  Acknowledging that the Supreme Court had left the door open a crack for habeas corpus claims challenging prison conditions, the Seventh Circuit held it

---

[3]A ***Bivens*** claim, based on ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*** **403 U.S. 388 (1971)**, is the federal equivalent of a **§ 1983** claim.

was premature to question the clear distinction outlined in **Graham**: "a petitioner requests either 'a quantum change in the level of custody,' which must be addressed by habeas corpus, or 'a different program, location or environment,' which raises a civil rights claim." **Glaus, 408 F.3d at 387-88 (quoting Graham, 922 F.2d at 381)**.

       Here, it is undisputed that Petitioner challenges his location and environment, not the fact of his confinement.  As such, he may not proceed with a habeas corpus petition.  **See Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999)(holding that habeas is the proper vehicle for presenting a claim "if but only if the prisoner is seeking to 'get out' of custody in a meaningful sense")**.

       The Court further finds this is not the case for conversion of the petition into a civil rights claim.  **See Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002)(holding that in most cases the district court should evaluate cases as the plaintiffs label them because of the pitfalls of different kinds for prisoners using the wrong procedural vehicle)**.  In this case, Petitioner is represented by able counsel who the court presumes had tactical reasons for framing this case as one for habeas relief.[4]  **See Falcon, 52 F.3d at 139 (refusing to convert the petitioner's claim after noting that he had retained a cadre of experienced attorneys)**.

---

[4]The Court hypothesizes that counsel may have chosen to litigate this matter in the habeas framework because his client has already well-exceeded his three-strikes under the Prison Litigation Reform Act of 1996 ("PLRA").  **See Eldridge v. Sawyer, No. 05-367-WDS (Mem. & Order dated June 2, 2005)(Stiehl, J.)(finding at least eight cases that qualify as strikes for Eldridge under the PLRA)**.

Moreover, Petitioner already has a pending **Bivens** action challenging the conditions of confinement at USP-Marion, **see Eldridge v. Sawyer, No. 03-CV-408-GPM**. And contrary to Petitioner's assertion, injunctive relief is a proper remedy for a **Bivens** claim. **See Falcon, 52 F.3d at 139**. Accordingly, the Court finds this case is not amenable to conversion even assuming petitioner would have named the correct parties. **See Glaus, 408 F.3d at 389 ("[T]he warden would almost surely not be the proper defendant if the district court were to convert [the petitioner's] petition into a civil rights claim or an administrative action.")**.

In conclusion, the Court **ADOPTS** the Report **(Doc. 20)** and **DISMISSES** Petitioner's First Amended Writ of Habeas Corpus with prejudice. **(Doc. 17)**.[5]

**IT IS SO ORDERED.**

Signed this 13th day of July, 2005.

/s/     David RHerndon
**United States District Judge**

---

[5]**Glaus** instructs district courts, at least in *pro se* cases, that "[i]f, as normally will be the case, conversion is improper, the district court should include a short and plain statement it its order that states: (1) that the court is not making a decision on the ultimate merit of the case; (2) that the prisoner may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits; and (3) that refiling under the proper legal label will probably have certain consequences." **408 F.3d at 389-90**. Here, the Court finds that it would be duplicitous for Petitioner to file another **Bivens** action because he is already pursuing his claims in a presently pending civil action in front of Chief Judge Murphy, **Eldridge v. Sawyer, No. 03-CV-408-GPM**.